IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

                 Plaintiff,

    v.                                                         OPINION & ORDER

OSHKOSH CORRECTIONS INST. and                      16-cv-752-jdp
DEPARTMENT OF CORRECTIONS,

                 Defendants.

---

    Plaintiff Dessie Russell Lonas, a Wisconsin Department of Corrections prisoner housed at the Oshkosh Correctional Institution, brings this lawsuit alleging that he is not receiving proper treatment for a broken nose and hernia. Lonas has made an initial partial payment of the filing fee, as previously directed by the court.

    The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Lonas is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

    After considering Lonas's allegations, I conclude that although he describes problems with his medical treatment that likely support claims for relief under the Eighth Amendment, he does not name any defendants capable of being sued in this type of lawsuit or explain who is responsible for his lack of treatment. Therefore, I will dismiss the complaint and give Lonas a chance to file an amended complaint identifying the prison officials who harmed him.

ALLEGATIONS OF FACT

Plaintiff Dessie Russell Lonas is a prisoner at the Oshkosh Correctional Institution. In September 2016, Lonas broke his nose playing baseball, but prison staff will not treat it. In late October, Lonas was injured at his job and now has a hernia. He reported his pain at 6 out of 10. Prison staff said that they would monitor it, and they told him to wear a "bra-type" belt, but they have not done more to help him. Lonas feels like the hernia is "tearing more each day," and at the end of the day his pain is up to 9 out of 10. He constantly takes naproxen for pain but I take him to be saying that it is not effective in treating the pain. Lonas continues to contact medical staff and higher level prison officials but they have done nothing to help him.

ANALYSIS

Lonas alleges that prison medical staff is not properly treating either his broken nose or his hernia. These allegations would usually be enough to support claims that the lack of adequate medical care amounted to cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). To be considered "deliberately indifferent," an official must know of and disregard "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996).

But there are problems with Lonas's complaint. Lawsuits about unconstitutional medical treatment are brought under 42 U.S.C. § 1983, which allows a plaintiff to bring claims against a "person" acting under color of state law who deprived the plaintiff of his rights. State of Wisconsin prisoners who file claims regarding their treatment in DOC facilities must bring claims against *individuals* who are responsible for directly harming them or failing to take action to help them despite knowing of the problem, or for creating a policy or custom that caused the problem. Lonas names the Oshkosh Correctional Institution and the Department of Corrections as the only defendants in this lawsuit, but the state or its agencies cannot be sued for constitutional violations because they are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989).

In addition to Lonas's failure to name any individual DOC or prison staff members as defendants, he fails to explain in his allegations who is responsible for the decisions to withhold treatment or disregard the complaints he filed. Therefore, I conclude that his allegations violate Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Even if Lonas had named individual persons as defendants, they would not be able to tell from his allegations what they each did to harm him.

I will dismiss Lonas's complaint and give him a short time to file an amended complaint fixing these problems. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should (1) name individual DOC or prison staff members as defendants in the caption; and (2) explain how each of them was responsible for failing to address his medical needs. If Lonas does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, and so on, and the court has procedures by which he may make discovery requests to identify those defendants. But for now he must file an amended complaint explaining his improper treatment and identifying the officials responsible for it.

If Lonas does not submit an amended complaint by the deadline set forth below, I will dismiss this case for his failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

Lonas has also filed a series of letters in this case and his three other currently pending cases regarding his prison trust fund account. First, he says that he and other prisoners are having finds deducted from their accounts to pay "supervision fees" from decades ago. He asks for an order telling the DOC to stop deducting these funds. Dkt. 15.

I will deny this motion because it has nothing to do with the current case or his other pending lawsuits in this court. This court can resolve only the legal issues that are raised in the complaint, and this case is about the medical treatment Lonas received for his broken nose and hernia. Even if he tried to amend his complaint to include allegations about the deduction of his funds, they would almost certainly not belong in this lawsuit alongside his allegations of inadequate medical care. *See* Fed. R. Civ. P. 18 and 20. Those allegations belong in a separate lawsuit.

Lonas has also filed a letter in this and his other cases seeking clarification of his remaining balance for his four cases and asking the court to direct the DOC to limit withdrawals from his account to pay the fees in his cases to once a month, rather than each time he receives a check. Dkt. 17.

Regarding Lonas's balances, he is correct that following his initial partial payments in his four lawsuits, his total amount owed was $1171.98, which will be paid off by withdrawals from his trust fund account under 28 U.S.C. § 1915(b)(2). Lonas's suggestion that the DOC is withdrawing his funds too often is not borne out by the statement he submitted to the court along with his letter. Dkt. 18-3. It shows that funds were withdrawn twice in December 2016, but that is because this court directed prison officials to submit Lonas's initial partial payments for each of his four cases. Prison officials submitted the initial partial payment for this case on December 21, and then submitted a combined check for his three other cases on December 29. This does not run afoul of 28 U.S.C. § 1915, because that statute directs the court to collect a plaintiff's initial partial payment as soon as the finds are available. *See* § 1915(b)(1). If a plaintiff files more than one case in a month, there can be more than one withdrawal for initial partial payments that month.

Finally, Lonas has filed a letter asking the court to direct the DOC to stop publishing old debts on his account statements. Lonas says that "they are releasing personal information to everyone" Dkt. 18, at 1. But the trust fund account statements sent to this court are sealed by the court, so they are not public records. I take no position on whether each debt on his account statement is a matter of public record anyway, but if Lonas thinks that the state is sharing information that should remain private, he should raise the issue with prison officials

and then consider filing a separate lawsuit about that problem. That issue does not belong any of his current lawsuits.

ORDER

IT IS ORDERED that:

1. Plaintiff Dessie Russell Lonas's complaint, Dkt. 1, is DISMISSED for failure to name a defendant capable of being sued and for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until February 10, 2017, to submit a proposed amended complaint naming individuals capable of being sued as defendants and more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

3. Plaintiff's motion for an order directing the DOC to stop withdrawing supervision fees from his trust fund account, Dkt. 15, is DENIED.

4. Plaintiff's motion for an order directing the DOC to alter its schedule for paying off the filing fee for his cases, Dkt. 17, is DENIED.

5. Plaintiff's motion for an order directing the DOC to redact information from its trust fund account statements, Dkt. 18, is DENIED.

Entered January 20, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge