IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

                Plaintiff,

   v.                                            ORDER

OSHKOSH CORRECTIONS INST. and       16-cv-752-jdp
DEPARTMENT OF CORRECTIONS,

                Defendants.

---

DESSIE LONAS,

                Plaintiff,

   v.

JUDGE GRIESBACH, JUDGE BISHEL, JUDGE       ORDER
ZUDMULDER, A.D.A. DANA JOHNSON, OFFICER
MARY SHARTNER, BROWN COUNTY POLICE      16-cv-780-jdp
DEPARTMENT, DEPARTMENT OF CORRECTIONS,
ATTORNEY SINGH, and ATTY. KACHINSKY,

                Defendants.

---

DESSIE LONAS,

                Plaintiff,                    ORDER

   v.
                                              16-cv-790-jdp
DANA JOHNSON,

                Defendant.

---

.

DESSIE LONAS,

                Plaintiff,

    v.                                              ORDER

STATE OF WISCONSIN,                        16-cv-791-jdp

                Defendant.

---

Plaintiff Dessie Lonas, a Wisconsin Department of Corrections prisoner housed at the Oshkosh Correctional Institution, filed documents styled as civil complaints in each of these four cases. In a January 20, 2017 order, I dismissed Lonas's complaint in the '752 case (about mistreatment of a broken nose and hernia) because he did not name as a defendant any individual who failed to properly treat him. Dkt. 21 in the '752 case. I gave him a short deadline to amend his complaint to explain who violated his rights and to name those persons as defendants. The court later extended his deadline to March 13, 2017.

His three other complaints all concerned his 2008 Brown County conviction for repeated sexual assault of a child. Lonas sought to vacate his conviction and receive a new trial, a declaration that the repeated-sexual-assault-of-a-child criminal statute is unconstitutional, and criminal charges to be brought against officials involved in prosecuting him. I dismissed all three of these cases in a January 20, 2017 order, because I could not grant the type of relief he sought in civil rights lawsuits brought under 42 U.S.C. § 1983. Dkt. 16 in the '780 case. In particular, I could not issue an order vacating his conviction. And under Seventh Circuit precedent, I would not convert his cases into a petition for writ of habeas corpus. I denied Lonas's motion for reconsideration in a February 2 order. Dkt. 23 in the '780 case. In doing so, I noted that the appropriate place to file his habeas petition was

most likely the District Court for the Eastern District of Wisconsin, because that is the district in which he was sentenced and in which he is currently incarcerated.

Lonas has now filed a series of letters addressing each of his cases. With regard to the '752 case, he initially asked for an extension of time to file his amended complaint, but he now appears to be satisfied with the extension he received. He states that prison officials are refusing to give him medical records that might help him understand exactly who violated his rights. But he should not need medical records at this point. As I previously explained to him, he does not need to amend his complaint to include the actual names of prison officials who harmed him. If Lonas does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, and so on, and the court has procedures by which he may make discovery requests to identify those defendants.

Lonas also asks whether he is required to file an "ICE complaint" about his medical treatment before he can pursue his lawsuit. Prisoners are generally required to exhaust internal prison administrative remedies before filing a lawsuit about mistreatment. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). But I cannot give Lonas detailed legal advice about his situation. I encourage him to attempt resolving his problems using the internal grievance process if he has not already done so, but it is up to him to decide whether he wishes to continue litigating the '752 case.

With regard to his other three cases, Lonas continues to argue that this court could vacate his conviction or order the release of evidence showing his innocence. He also suggests

that his mail is being tampered with, and that he has been threatened with harm if he files documents to the courts in general and the Eastern District in particular. Because one of Lonas's letters asks to change my previous orders in his three cases concerning his conviction, I will construe that letter as a motion for reconsideration and deny it. As I explained before, I cannot take any action on his current allegations. He needs to file either a formal petition for writ of habeas corpus in federal court, or a postconviction motion in state court. His allegations that he is being threatened or that his mail is being tampered with are perhaps the basis for a new lawsuit, but only after he raises these problems internally to prison officials. Once Lonas has an active habeas case, he should raise his concerns to the court hearing that case.

At this point, Lonas should understand the choices he needs to make. He has a March 13 deadline for filing his amended complaint in the '752 case. The '780, '790, and '791 cases will remain closed. Any further letters or motions for reconsideration in those cases will be deemed dismissed upon filing unless the court informs Lonas that it is taking other action. It is up to him to decide whether he wishes to file a habeas petition about his conviction.

ORDER

IT IS ORDERED that plaintiff Dessie Lonas's motion for reconsideration, Dkt. 24 in case no. 16-cv-780-jdp, is DENIED.

Entered February 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge