IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

                Plaintiff,

  v.                                                                       ORDER

SCOTT A. HOFTIEZER, JAMES GREER,                     16-cv-752-jdp
DAVID BURNETT, MARY MUSE, and JOHN DOE,

                Defendants.

---

Plaintiff Dessie Russell Lonas, appearing pro se, is an inmate at Oshkosh Correctional Institution. Lonas brings this lawsuit alleging that he did not receive proper treatment for a broken nose and hernia. He has filed two submissions renewing his motion for the court's assistance in recruiting him counsel. Dkt. 82; Dkt. 87. In particular, he states that he does not understand many of the legal concepts defendants mention in their answer, that the library has sharply restricted hours, and that prison officials threaten him with punishment for seeking copies of his medical records.

As I stated my order denying Lonas's first motion, *see* Dkt. 77, at 5–6, a party who wants assistance from the court in recruiting counsel must show that he has made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992), and that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). For the plaintiff to show that he has made reasonable efforts to find a lawyer on his own, the court generally requires the plaintiff to show that he has asked at least three lawyers to represent him. Lonas has still not made this showing, which is reason enough to deny his motion. If he later chooses to refile

his motion, he should give the names and address of at least three lawyers he has contacted about representing him in this case.

It is also too early to tell whether the case will be too complicated for Lonas. The lack of legal knowledge is a very common impediment for pro se plaintiffs; it is not alone a reason to locate counsel for him. The court will soon hold a telephonic preliminary pretrial conference, at which Magistrate Judge Stephen Crocker will explain the schedule and discuss some of procedures the parties will use to litigate the case. For instance, Magistrate Judge Crocker will explain how Lonas will use discovery requests to identify the name of the John Doe defendant and to amend the complaint to include that name.

Although I will deny Lonas's motion for counsel, I am concerned about his allegations that the law library is rarely open and that prison staff threatens him with punishment for requesting his medical records. Lonas needs to have access to the law library and to his medical records to properly litigate this action. I will give defendants a short time to respond to these allegations.

Finally, Lonas continues to inquire about filing a petition for writ of habeas corpus, and he says that he does not have access to much of the background information about his state-court criminal proceedings that the habeas petition form asks for. He also says that prison staff is threatening him not to contact the United States District Court for the Eastern District of Wisconsin, and that any petition he would file would be futile because it would be dismissed for being the incorrect type of action, which he says was the reason I dismissed previous cases of his, case nos. 16-cv-780-jdp, 16-cv-790-jdp, and 16-cv-791-jdp.

Lonas is correct that I dismissed previous cases of his for being the incorrect type of action, but the point of those dismissals was that he could not challenge his convictions in a

civil-rights lawsuit for damages. *See* Dkt. 16, at 2–3. I stated that a habeas petition would be the proper type of lawsuit, *id.*, and that is still his proper course of action. As I have previously stated, given the large number of filings that Lonas has been able to file in this court, I am confident that prison staff is not restricting him from submitting documents to courts. If he still wants to file a habeas petition, he should fill out as much of the form as he can. I have told Lonas all I can about his options for a habeas petition, so I will not address these issues any further. Lonas's only task in this court is to litigate the above-captioned civil-rights action about his medical treatment.

ORDER

IT IS ORDERED that:

1. Plaintiff Dessie Russell Lonas's motions for the court's assistance in recruiting him counsel, Dkt. 81; Dkt. 87, are DENIED.

2. Defendants may have until November 1, 2018, to respond to this order, explaining plaintiff's access to the law library and to his medical records.

Entered October 18, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge