IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

                Plaintiff,

  v.                                                          ORDER

SCOTT A. HOFTIEZER, JAMES GREER,                16-cv-752-jdp
DAVID BURNETT, MARY MUSE, and JOHN DOE,

                Defendants.

---

Plaintiff Dessie Russell Lonas, appearing pro se, is an inmate at Oshkosh Correctional Institution. Lonas alleges that defendant prison officials violated his Eighth Amendment rights by failing to properly treat his broken nose or his hernia. A number of matters are before the court.

**A. Exhaustion**

The main issue I will address is defendants' motion for summary judgment based on Lonas's alleged failure to exhaust the administrative remedies for his claims. Dkt. 109. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and applies to all inmate suits. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th

Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

Defendants say that Lonas "never filed an inmate complaint related to either the delay in treating his hernia nor the medical care (or lack thereof) for his nose." Dkt. 110, at 5–6. This statement is based off the DOC's "Inmate Complaint History Report," which, at least from the summaries of the listed grievances, appears to show no grievances directly about either medical problem.

Lonas did not file a formal brief in opposition, and so there is no reply from defendants. But Lonas did submit a letter in which he discusses defendants' motion. Dkt. 114. He says that defendants' grievance-history materials have been doctored and that he filed more grievances than those appearing on the report. He notes that he already submitted copies of those grievances along with his amended complaint. *See* Dkt. 39-1, at 21–27. Those documents show that Lonas submitted three grievances discussing his medical problems that were rejected out of hand by the institution complaint examiner. But defendants do not mention these grievances in their brief. Because exhaustion is an affirmative defense that defendants have the burden to prove, *Turley v. Rednour*, 729 F.3d 645, 649–50 (7th Cir. 2013), I will give defendants a short time to reply to Lonas's opposition, explaining the responses to those grievances.

Lonas's submissions also show that his February 2017 grievance listed in the history report as being about a medical-records request was about records related to his nose and hernia problems. Grievance No. OSCI-2017-4918, *see* Dkt. 39-1. But Lonas does not attach the grievance itself; without it, I cannot tell whether Lonas's grievance was merely about access to

2

records, or it was also about his medical treatment itself. Defendants should also reply specifically about the '4918 grievance. After receiving defendants' reply, I will decide whether it is necessary to have a hearing to determine whether Lonas exhausted his administrative remedies.

Defendants also ask to stay discovery and all deadlines pending resolution of the exhaustion motion. Dkt. 119. I will deny that motion regarding discovery, but there is time remining in the schedule to move the dispositive-motions deadline, so I will amend that deadline, as stated in the order below.

**B. Recruitment of counsel**

Over the course of this lawsuit, Lonas has submitted more than 70 letters in addition to his formal pleadings and motions, discussing a number of issues and asking questions about lawsuits in this court. In some of his letters, Lonas asks why the court has not responded. But I cannot respond to every letter written by each pro se litigant before me: I must allocate my time among hundreds of cases, and the court cannot give Lonas—or any other litigant—legal advice. I will address a handful of the issues he raises that are proper for me to consider.

Foremost among these issues is Lonas's oft-repeated request for the court to recruit him counsel because he does not understand how to litigate this lawsuit. I denied his previous motions for counsel for two reasons: (1) he did not show that he contacted at least three lawyers and that they turned him down; and (2) it was also too early to tell whether the case will be too complicated for Lonas. *See* Dkt. 89.

Lonas has filed a formal motion renewing his request for counsel, Dkt. 131, and he addresses the issue in many of the letters he has recently sent to the court. He now submits letters showing that at least three lawyers have refused to represent him, Dkt. 94; Dkt. 118;

Dkt 131, so I conclude that he has met this part of the test. But I am still not convinced that the case will be too difficult for Lonas to handle, in part because the case might still be resolved on exhaustion grounds. Lonas has already stated his case opposing that motion. Even if the case is not dismissed for that reason, it is still unclear what facts are in dispute and whether the case might boil down to complex medical issues outside of Lonas's ability to litigate himself. So I will deny his renewed motion.

C. **Library access**

Lonas supported previous motions for recruitment of counsel with an allegation that prison staff sharply reduced law library hours. I asked counsel for defendants to respond to this allegation. Dkt. 89, at 2. Defendants' counsel states that Oshkosh Correctional Institution does not currently have a librarian but still maintains mostly normal hours, with Lonas receiving at least forty minutes a day of law-library access. *See* Dkt. 92, at 2. Lonas says that this is untrue; the library is often closed and when it is open, the crush of inmates seeking to use it means that many inmates are sent away. *See* Dkt. 94 and Dkt 102.

The lack of law library access has not hampered Lonas from sending dozens of submissions to the court, so I am not convinced that this is genuinely an obstacle to his litigation efforts, and I will not order defendants to take any further action. Defendants also say that Lonas may request extra law library time. Dkt. 92, at 2. So if this case survives the exhaustion motion, Lonas should request the time he needs and let the court know if he is not getting that time.

D. **Medical records**

Lonas also previously alleged that prison officials threatened him with punishment for seeking copies of his medical records. I asked counsel for defendants to look into this allegation;

counsel's response was that Lonas understands the rules for requesting a review of his records and in fact has done so. *See* Dkt. 92, at 1–2. But this is not precisely what the issue is about. Lonas says that he was threatened after he attempted to get medical records from an outside provider. *See* Dkt. 94. Exhibits to his amended complaint show that after he contacted the surgeon who performed his hernia, the surgeon complained to the DOC, and a captain ordered him not to contact the surgeon again. *See* Dkt. 38-1, at 20.

This case isn't directly about Lonas's right to contact the surgeon. But Lonas needs to be able to obtain his medical records to conduct this lawsuit. And he has the right to use bona fide discovery procedures to contact third parties. At this point it appears that Lonas wants to contact his surgeon to get records related to his surgery. That may not be necessary if Lonas's DOC medical file already contains all of the medical records generated by the outside provider. But it is unclear whether this is the case. I will direct defendants to respond to this order about the medical-records issue.

E. **Proposed amendments**

Lonas is proceeding on a claim against a "John Doe" defendant for maintaining a policy forbidding reconstructive surgery, which he says caused prison officials to deny him further care for his broken nose. *See* Dkt. 77, at 4. Lonas names Erin Leitz as that Doe defendant. Dkt. 101. So I will direct the clerk of court to add Leitz to the caption, and I will give the state a short time to explain whether it will accept service on Leitz's behalf. I caution Lonas that it is unclear from his submission whether he means to say that Leitz worked in a position responsible for the alleged no-surgery policy, Leitz applied the policy to him, or Leitz merely told him that there was such a policy. If Leitz had nothing to do with maintaining or applying the policy that blocked his treatment, he will not be able to succeed on a claim against Leitz.

5

Also, Lonas asks whether he can add the state of Wisconsin to the case as a defendant. Dkt. 128. I will consider that as a request to amend the complaint, and I will deny that request, because the state is not a "person" who can be sued in a federal lawsuit brought under 42 U.S.C. § 1983 like this one.

ORDER

IT IS ORDERED that:

1. Defendants may have until July 15, 2019, to submit a reply to their exhaustion-based summary judgment motion.

2. Plaintiff Dessie Russell Lonas's motion for the court's assistance in recruiting him counsel, Dkt. 131, is DENIED.

3. Defendants may have until July 15, 2019, to respond to this order regarding plaintiff's request for medical records from outside providers.

4. Defendants' motion to stay the schedule, Dkt. 119, is GRANTED in part: the dispositive-motions deadline is moved to September 23, 2019.

5. The clerk of court is directed to add Erin Leitz to the caption as the Doe defendant.

6. The state may have until July 15, 2019, to explain whether it will accept service of behalf of defendant Leitz.

7. Plaintiff's motion to amend the complaint, Dkt. 128, is DENIED.

Entered July 1, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge