IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

      Plaintiff,

v.                   OPINION and ORDER

SCOTT A. HOFTIEZER, JAMES GREER,        16-cv-752-jdp
DAVID BURNETT, MARY MUSE, and ERIN LEITZ,

      Defendants.

---

  Plaintiff Dessie Russell Lonas, appearing pro se, is an inmate at Oshkosh Correctional Institution. Lonas alleges that defendant prison officials violated his rights under the Eighth Amendment to the United States Constitution by failing to properly treat his broken nose and his hernia. Defendants filed a motion for summary judgment based on Lonas's alleged failure to exhaust the administrative remedies for his claims. Dkt. 109. But the parties' initial briefing did not resolve the motion, so I asked the parties to supplement their submissions.

  Defendants said that Lonas "never filed an inmate complaint related to either the delay in treating his hernia nor the medical care (or lack thereof) for his nose." Dkt. 110, at 5–6. That statement was based on the DOC's "Inmate Complaint History Report," which, at least from the summaries of the listed grievances, appears to show no grievances directly about either medical problem. Lonas responded that the grievance history was "doctored" because he had filed more grievances than those appearing on the report, as shown by the grievances he filed with his amended complaint. *See* Dkt. 39-1, at 21–27. Those documents show that Lonas submitted three grievances discussing his medical problems that were rejected out of hand by the institution complaint examiner. But defendants did not mention these grievances in their original brief. Lonas also submitted information about a February 2017 grievance listed in the

history report as being about a medical-records request related to his nose and hernia problems. Grievance No. OSCI-2017-4918, *see* Dkt. 39-1. But Lonas did not attach the grievance itself, so I could not tell whether the grievance was merely about access to records, or it was also about Lonas's medical treatment itself. I gave defendants a chance to file a reply discussing these grievances. Lonas has also responded to my order.

The parties' submissions show the following grievance history: Lonas filed a grievance on February 9, 2017, alleging that he had to wait for months for a surgery for a hernia and that he was in pain while he had to wait. Dkt. 38, at 21. The institution complaint examiner returned it to Lonas, stating that under Wisconsin Administrative Code § DOC 310.09(4),[1] Lonas needed to first attempt to resolve the problem by contacting the assistant manager for the Health Services Unit (HSU). *Id.* at 23. This provision states, "Prior to accepting the complaint, the [examiner] may direct the inmate to attempt to resolve the issue." Dkt. 110-1, at 2. The examiner told Lonas that if he refiled a grievance, he should include documentation of his attempts to resolve the problem informally. Dkt. 38, at 23.

Lonas submitted a letter to the examiner the next day, stating that the examiner would have known about Lonas's efforts to resolve his issues with his hernia treatment had the examiner talked to the assistant manager. *Id.* at 24. Lonas also stated that he sent his written materials to this court. The examiner rejected that submission, stating that Lonas needed to attach to his grievance documentation of his efforts to resolve the issue with the HSU assistant manager. *Id.* at 25.

---

[1] Chapter DOC 310 was re-created in 2018, *see* Wis. Admin. Reg., No. 747 (Mar. 2018), but I will refer to the version in place at the time of the grievances filed in this case.

Lonas responded a few days later with a grievance stating that his nose and hernia surgeries had been denied for months, and complaining that the examiner was delaying as well. *Id.* at 26. Lonas reiterated that he had sent his materials to this court, and he stated that the examiner should have taken his complaint seriously. *Id.* The examiner rejected this grievance, stating that there was "[n]o complaint, just inappropriate comments and threats," and telling Lonas to "pose your question to the HSU Manager or HSU Assistant Manager as they know these answers, we do not." *Id.* at 27.

In response to defendants' reply, Lonas says that the examiner was incorrect when he rejected these grievances, because Lonas did include with his first grievance documentation of his various attempts at contacting staff to resolve his concerns about delayed medical care. Dkt. 145, at 1. He says that because many inmates file grievances, and they cannot staple or tape the pages together, material is often lost in the shuffle.

On February 16, 2017, Lonas submitted a grievance that was given the number OSCI-2017-4918. Lonas alleged that he had been asking for health records for more than three weeks but that his efforts continued to be delayed and he was being "pawned off" by prison officials, despite him being "on a deadline." Dkt. 142-1, at 7. The institution complaint examiner recommended dismissing the grievance because there was no record of Lonas formally requesting a review of his medical records. The reviewing authority dismissed the grievance. Lonas did not appeal that decision to the corrections complaint examiner.

ANALYSIS

Defendants seek summary judgment against Lonas on all of his Eighth Amendment claims regarding his treatment for his broken nose and his hernia, contending that Lonas failed

to exhaust administrative remedies for these claims. As I explained in my previous order, the Prison Litigation Reform Act requires an inmate to "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

Defendants contend that Lonas failed to exhaust his administrative remedies through any of his grievances. They are certainly correct about the '4918 grievance. That grievance wasn't actually directly about his health care—it was about delay in receiving his health-care records, which is enough to end the discussion about that grievance. But even if I considered the grievance to be closely related enough to put prison officials on notice of Lonas's medical problems, Lonas failed to appeal the dismissal of the grievance. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310. Lonas did not follow through the entire four-step process, so he failed to properly exhaust this grievance.

Defendants say that the Lonas's initial set of three grievances was rejected because he did not show that he first attempted to informally resolve the problem with the HSU assistant manager under § DOC 310.09(4). In his contemporaneous responses to the rejections, Lonas seems to concede that he did not attach proof of informal-resolution attempts; instead arguing that the examiner easily could have learned about Lonas's efforts by independently checking with health staff, and that Lonas had already sent his documentation to this court.

4

But in response to defendants' reply, Lonas says—for the first time—that he *did* include with his first grievance documentation of his various attempts at contacting staff to resolve his concerns about delayed medical care. This suggests that the grievance process was unavailable to him because he did what he was supposed to do under the regulations, but his grievances were rejected anyway. But Lonas's new assertion is difficult to square with his contemporaneous objections to the grievance rejections, in which he said that he had already sent to the documentation to this court and that the examiner should have talked to medical staff himself.

Ordinarily, considerations of Lonas's credibility in light of his contradictory statements might be reason to hold a hearing to determine whether he did in fact present evidence of informal resolution to the examiner. But Lonas's statements that he had sent his documentation to this court highlight a larger problem: Lonas filed all of the grievances at issue here in February 2017, *after* he filed his complaint in this court in October 2016. A prisoner cannot complete the grievance process while a lawsuit is pending. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (affirming dismissal of lawsuit filed two days before prisoner completed grievance process). Because it is undisputed that Lonas did not exhaust any grievances about the medical care at issue before he filed this lawsuit, I will grant defendants' motion for summary judgment and dismiss this case.

That dismissal will be without prejudice. *Id.* at 401. Lonas is free to file a brand-new lawsuit about his medical care, but if he does, he will owe another filing fee for it, and defendants are likely to file a similar exhaustion-based summary judgment motion.

Alternatively, Lonas could try to file new grievances about his medical problems and then file a new lawsuit. He may find it impossible to properly exhaust grievances on his claims now because so much time has passed, and it appears that he eventually received the hernia surgery he wanted. If he has still not received what he believes is proper care for his nose, he may still be able to file a proper grievance about the problem.

In his recent submissions, Lonas also raises issues I have previously discussed, such as recruitment of counsel, library access, and availability of his medical records. I will not address those issues further because I am dismissing this case, and none of those issues had any bearing on Lonas's ability to brief the exhaustion issue.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Dessie Russell Lonas's failure to exhaust administrative remedies, Dkt. 109, is GRANTED, and this case is dismissed without prejudice.

2. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered September 17, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge