IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

              Plaintiff,

v.                                                                ORDER

SCOTT A. HOFTIEZER, JAMES GREER,               16-cv-752-jdp
DAVID BURNETT, MARY MUSE, and ERIN LEITZ,

              Defendants.

---

Plaintiff Dessie Russell Lonas, appearing pro se, is an inmate at Oshkosh Correctional Institution. Lonas alleged that defendant prison officials violated his rights under the Eighth Amendment to the United States Constitution by failing to properly treat his broken nose and his hernia. I granted defendants' motion for summary judgment based on Lonas's failure to exhaust the administrative remedies for his claims. Dkt. 148. Lonas has filed a motion to reconsider that ruling, Dkt. 154, which I will construe as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides for relief from "a final judgment, order, or proceeding" on many grounds, including mistake, misconduct, or "any other reason that justifies relief." Relief from a final judgment under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Trad. Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

I dismissed the case after two rounds of briefing on the exhaustion issue: defendants argued that Lonas did not file an inmate grievance about either his hernia or nose-injury treatment, and Lonas's grievance history report reflected that. Lonas responded that he had filed grievances in February 2017 about those issues that did not appear on the history report:

he submitted documents showing that he had submitted grievances discussing his medical problems that were rejected out of hand by the institution complaint examiner. Lonas also discussed but did not submit a February 2017 grievance listed in the history report under No. OSCI-2017-4918 as being about a medical-records request related to his nose and hernia problems.

I asked the parties address these documents further. The supplemental briefing showed that the '4918 grievance wasn't about the delay in Lonas's care; it was about prison staff failing to give Lonas copies of his medical records. *See* Dkt. 148, at 4. I also noted that even had the grievance been about his care, Lonas failed to exhaust it by appealing its dismissal. *Id.* As for the set of grievances not mentioned in the DOC's grievance record, the parties disputed whether that set of grievances was properly rejected under § DOC 310.09(4) (2017)[1] because Lonas did not show that he first attempted to informally resolve the problem with the HSU assistant manager. In addition, Lonas's statement that he did include documentation of his informal resolution attempts with his grievances contradicted his contemporaneous responses to the rejections, in which Lonas appeared to concede that he did not attach proof of informal resolution attempts. I stated that the dispute over Lonas's informal resolution attempts might ordinarily be reason to hold a hearing to determine whether Lonas did in fact present evidence of informal resolution to the examiner. Dkt. 148, at 5. But in this case a hearing was unnecessary because there was another reason to grant the exhaustion motion: those grievances

---

[1] Chapter DOC 310 was re-created in 2018, *see* Wis. Admin. Reg., No. 747 (Mar. 2018), but I will refer to the version in place at the time of the grievances filed in this case.

were all filed in February 2017, months *after* he filed his complaint, too late to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a).[2] *Id.*

In his Rule 60 motion, Lonas says that he didn't need to appeal his '4918 grievance about medical records because he received his medical records by the time the grievance was dismissed. But this doesn't address the main reason this grievance doesn't satisfy the exhaustion requirement—the grievance wasn't actually about Lonas's complaints of inadequate medical care. Lonas concedes this point: he states that "the medical records have nothing to do with the defendants delaying my surgery nor do[] the medical records have anything to do with this lawsuit." Dkt. 154, at 5. So the '4918 grievance isn't a basis for granting his Rule 60 motion.

Lonas says that he filed additional grievances about the delay in his hernia surgery that I did not mention in my order. But there weren't any other relevant grievances in the record when I issued my ruling, Lonas has not included any new grievances in the documents he attaches to his Rule 60 motion, and he doesn't explain when he filed those grievances or how prison staff responded to them. He appears to be saying that he sent them to the court but that they were either lost or confiscated by prison staff. But again, he doesn't describe with any specificity the contents of what didn't make it onto the record or my orders in this case. If what he means is that he filed formal DOC Inmate Complaint Review System grievances that were lost or confiscated, his vague statements unsupported by any corroborating evidence is not

---

[2] I had stated that Lonas filed his complaint in October 2016. Lonas points out that this is incorrect: his original complaint was filed in this court on November 14, 2016. *See* Dkt. 1. But this doesn't change the analysis.

3

sufficient for me to consider vacating the judgment under Rule 60. In his reply brief, Lonas says that "all of these documents are in my motion to reconsider." Dkt. 160, at 2. But the prison documents he attached to the motion are health service requests, not ICRS grievances. So they do not show that Lonas filed and exhausted a grievance before February 2017.

Lonas also says that prison staff doesn't let inmates physically attach evidence to grievances, which I take to be an argument either that staff is lying when they said that they require inmates to show that they've attempted to informally resolve an issue before filing a grievance about it, or that Lonas indeed had supporting evidence of informal resolution attempts that was lost. Either way this argument doesn't support relief from the judgment because my opinion dismissing the case didn't hinge on the question whether Lonas informally resolved issues before filing grievances about them. Even had Lonas fulfilled the informal-resolution requirement, his grievances were too late to exhaust his administrative remedies because they were filed after he filed his complaint in this court.

Lonas raises a separate argument about that ground based on the fact that although his original complaint in this case was filed in November 2016, the operative complaint in the case was his March 2017 amended complaint. *See* Dkt. 38. Lonas calls this a "new" lawsuit against different defendants that was exhausted by his February 2017 grievances, so he should be able to proceed with his claims. I disagree that Lonas's amended complaint started a new lawsuit. Besides the obvious point that this litigation has been proceeding under the same case number the entire time, Lonas's amendments were mainly cosmetic changes. I dismissed the original complaint because Lonas had named only the Oshkosh Correctional Institution and DOC as defendants, which are not entities that can be sued in this type of lawsuit. *See* Dkt. 21. In his

amended complaint, Lonas identified the individuals who violated his rights, but his claims were largely the same as in his original complaint; I wouldn't have allowed him to amend his complaint if he had brought different claims against an entirely new set of defendants. Even if Lonas's February 2017 grievances did exhaust his claims, he can't bring them in *this* lawsuit by submitting an amended complaint that postdates those grievances. *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("Chambers's claim against Dr. Sood is not new; it's the same claim he raised in his original pro se complaint, albeit against "Unknown Doctor #1."). So I won't grant his Rule 60 motion on this ground.

As I explained to Lonas in my previous order, the dismissal on exhaustion grounds was without prejudice, meaning that he would be free to file a brand-new lawsuit about his medical care, but if he did, he would owe another filing fee for it. Dkt. 148, at 5. It appears that Lonas may be willing to pursue that option: in his reply, he states that "if it only takes me to re-file again and make the defense attorney happy that I am going to pay all those fees again, be it so. Then let us re-file." Dkt. 160, at 19.

I'll give Lonas a short time to respond to this order by stating whether he wishes to have the court docket his amended complaint, Dkt. 38, into a brand-new lawsuit. He'll owe a new filing fee for that case, so if he chooses to open a new case, he should also submit his trust fund account statement information so that the court can assess him an initial partial payment of the filing fee under 28 U.S.C. § 1915.

Lonas also states that I should recruit him counsel. I denied Lonas's previous motions for the recruitment of counsel and this case will remain closed so there is no reason to consider it now. Even if Lonas decides to reopen his amended complaint in a new lawsuit, it is likely

that defendants will raise the same exhaustion issue about his failure to informally resolve complaints about his medical problems before filing his grievances. From Lonas's filings in this case, there is no reason to think that he will be unable to litigate the exhaustion issue himself.

## ORDER

IT IS ORDERED that:

1. Plaintiff Dessie Russell Lonas's motion for relief from judgment, Dkt. 154, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 154, is DENIED.

3. Plaintiff may have until September 21, 2020, to respond whether he would like to open his amended complaint in a new case and to submit an updated trust fund account statement.

Entered August 31, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge