IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

                Plaintiff,

v.                                                           OPINION and ORDER

SCOTT A. HOFTIEZER, JAMES GREER,                           16-cv-752-jdp
DAVID BURNETT, MARY MUSE, and ERIN LEITZ,

                Defendants.

---

Plaintiff Dessie Russell Lonas, appearing pro se, is an inmate at Oshkosh Correctional Institution. Lonas alleged that defendant prison officials violated his rights under the Eighth Amendment to the United States Constitution by failing to properly treat his broken nose and his hernia. I granted defendants' motion for summary judgment based on Lonas's failure to exhaust the administrative remedies for his claims. Dkt. 148. Lonas then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which I denied. Dkt. 162.

Lonas has responded to my order denying his Rule 60 motion that I will construe as an additional Rule 60 motion. Dkt. 163. In his initial Rule 60 motion, Lonas said that he filed additional, pre-complaint grievances about the delay in his hernia surgery that I did not mention in my order dismissing the case. I responded as follows:

> [T]here weren't any other relevant grievances in the record when I issued my [exhaustion] ruling, Lonas has not included any new grievances in the documents he attaches to his Rule 60 motion, and he doesn't explain when he filed those grievances or how prison staff responded to them. He appears to be saying that he sent them to the court but that they were either lost or confiscated by prison staff. But again, he doesn't describe with any specificity the contents of what didn't make it onto the record or my orders in this case. If what he means is that he filed formal DOC Inmate Complaint Review System grievances that were lost or confiscated, his vague statements unsupported by any

> corroborating evidence is not sufficient for me to consider vacating the judgment under Rule 60. In his reply brief, Lonas says that "all of these documents are in my motion to reconsider." Dkt. 160, at 2. But the prison documents he attached to the motion are health service requests, not ICRS grievances. So they do not show that Lonas filed and exhausted a grievance before February 2017.

Dkt. 162, at 3–4.

In his new Rule 60 motion, Lonas reiterates that he filed additional grievances about his hernia that were not on prison's grievance history report, at least some of which predate the November 14, 2016 filing of his original complaint in this case. Lonas says that he is "sending evidence that [he] did file the complaints in 2016 + refiled again in Feb. 2017. You should be receiving copies of Feb. 6, 2017–Feb. 12, 2017 of complaint – then the medical report files of Feb. 16, 2017 which they left on the history report." Dkt. 163, at 1. The documents attached to Lonas's response match Lonas's description of them, but they are not evidence that he exhausted his claim about the delay in hernia surgery before he filed his complaint: they include health service requests from October 2016 to February 2017 and grievance documents from February 2017. With regard to his assertion that he filed a grievance predating the November 14, 2016 filing of his complaint, he again fails to explain with any specificity what he filed a grievance about, when he filed it, how prison officials responded, and what steps he took to exhaust after officials' response. Just as with his first motion for relief from judgment, his new filing does not give me reason to take the rare step of vacating the judgment under Rule 60. *See Bakery Mach. & Fabrication, Inc. v. Trad. Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (relief from a final judgment under Rule 60(b) "is an extraordinary remedy

and is granted only in exceptional circumstances."). I will deny his second motion for relief from judgment.

Nonetheless, Lonas continues to pursue his claims. I dismissed this case without prejudice for his failure to exhaust administrative remedies. Because Lonas's filings had suggested that he had exhausted his administrative remedies after the filing of his original complaint and because he stated that he was interested in refiling the case, I gave Lonas a chance to respond to my dismissal order, stating whether he wished to have the court docket his amended complaint, Dkt. 38, into a brand-new lawsuit. Dkt. 162, at 5. I also told him that he should submit his trust fund account statement information so that the court could assess him an initial partial payment of the filing fee for a new case under 28 U.S.C. § 1915.

Lonas's responses to my order make it clear that he wishes to refile his case, although I take him to be saying that his initial efforts to file a new complaint were hampered by the COVID-19 pandemic, and he asks for counsel to assist him with filing a new complaint. *See* Dkt. 164; Dkt. 165; Dkt. 167; Dkt. 168; Dkt. 169; Dkt. 171; Dkt. 175; Dkt. 176; Dkt. 179. He also submitted an updated trust fund account statement and he followed with a partially filled-out complaint form stating that he wished to reopen this case under a new case number. The clerk of court docketed that complaint in case No. 21-cv-233-jdp. Lonas then made the initial partial payment of the filing fee that was assessed him by the clerk of court.

Lonas's new complaint form does not stand on its own as a valid complaint, so I will direct the clerk of court to docket his amended complaint in this case into the '233 case and consider that amended complaint as the operative pleading. I will grant Lonas leave to proceed on the same claims in the '233 case as I did in this case. Defendants should respond to this

3

order by explaining whether they stand on their answer to Lonas's amended complaint or whether they intend to file a new answer.

I will deny Lonas's motions for recruitment of counsel because he does not need the assistance of counsel to file a new complaint—his amended complaint from this case will suffice—and from the proceedings in this case there is no reason to think that Lonas is incapable of litigating the new case. I will deny Lonas's motions for the assistance of counsel without prejudice, which means that he can ask again if he continues to believe that he is unable to litigate the lawsuit. But if he files another request for appointment of counsel, he will have to explain what specific litigation tasks he cannot perform himself.

## ORDER

IT IS ORDERED that:

1. Plaintiff Dessie Russell Lonas's motion for relief from judgment, Dkt. 163, is DENIED.

2. Plaintiff's motions for the court's assistance in recruiting him counsel, Dkt. 164; Dkt. 165; Dkt. 167; Dkt. 168; Dkt. 169; Dkt. 171; Dkt. 175; Dkt. 176; Dkt. 179, are DENIED without prejudice.

3. The clerk of court is directed to docket plaintiff's amended complaint in this case, Dkt. 38, into plaintiff's case No. 21-cv-233-jdp.

4. Defendants may have until May 17, 2021, to explain whether they will be filing a new answer to plaintiff's complaint in case No. 21-cv-233-jdp.

Entered May 3, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge